**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MANUEL GONZALEZ-ALMAZAN, a/k/a
Manuel Almazan-Gonzalez, a/k/a
Ernesto Gonzales-Hernandez,
          *Defendant-Appellant.*

No. 03-4369

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-02-136)

Submitted: December 30, 2003

Decided: January 23, 2004

Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Samuel J. Randall, IV, LAW OFFICES OF SAMUEL RANDALL,
IV, P.C., Wilmington, North Carolina, for Appellant. Frank DeArmon
Whitney, United States Attorney, Anne Margaret Hayes, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Manuel Gonzalez-Almazan appeals his conviction and eighty-six-month sentence for illegal reentry by a deported alien. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Gonzalez-Almazan has filed a pro se supplemental brief. We affirm.

In the *Anders* brief, counsel contends that the district court erred by permitting Gonzalez-Almazan to waive his right to counsel at the sentencing hearing and by failing to appoint substitute counsel. Gonzalez-Almazan requested another attorney because he felt that his attorney had "discriminated" against him by refusing certain "options." Further, he stated that he wanted substitute counsel because of "family motives." The district court refused the request to continue sentencing so that Gonzalez-Almazan could secure other counsel. The court gave Gonzalez-Almazan the choice of continuing with present counsel or with proceeding pro se, with counsel available on a stand-by basis. Gonzalez-Almazan elected to represent himself and signed a waiver-of-counsel form. His attorney remained as stand-by counsel.

Having reviewed the sentencing transcript, we conclude that Gonzalez-Almazan clearly and unequivocally expressed his desire to represent himself. Gonzalez-Almazan raised objections to the presentence investigation report, one of which the district court sustained. Although Gonzalez-Almazan has a limited education and is Spanish-speaking, he has extensive experience with the criminal justice system dating back at least to 1993. The totality of the record supports a finding that his waiver of counsel was valid. *See United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000). Additionally, we note that a defendant does not have an absolute right to substitute counsel and conclude that the district court did not abuse its discretion in declining

Gonzalez-Almazan's request for substitute representation. *See United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994).

Gonzalez-Almazan raises several issues in his pro se brief. None of the issues has merit. He was properly assigned one criminal history point for an Iowa conviction for driving while intoxicated. Gonzalez-Almazan does not dispute that he was sentenced to forty-eight hours in jail and a $500 fine for this offense. *See U.S. Sentencing Guidelines Manual* § 4A1.1(c) (2002). The asserted biographical errors in the report had no impact on his sentence. Because ineffective assistance of counsel is not apparent on the face of the record, Gonzalez-Almazan's complaint about counsel's performance is not cognizable on appeal. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Finally, our review of the Fed. R. Crim. P. 11 proceeding discloses that Gonzalez-Almazan was fully competent to enter a guilty plea and that he did so knowingly, voluntarily, and intelligently.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*